**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. A-09-CR-473 JRN** |
| | § | |
| **ARTHUR LONGORIA, JR.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to

28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of

the United States District Court for the Western District of Texas, Local Rules for the Assignment

of Duties to United States Magistrate Judges.  The Court conducted a hearing on May 9, 2012, and

heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking

to revoke the Defendant's term of supervised release.

## I.  PROCEDURAL BACKGROUND

On February 5, 2010. the Defendant was sentenced to 18 months of imprisonment, followed

by three years of supervised release, for disposing of a firearm to a prohibited person, in violation

of 18 U.S.C. § 922(d)(1).  On December 15, 2010, the Defendant was released from the Bureau of

Prisons and commenced supervised release.  On January 26. 2011 , he was referred to Hill Country

Counseling for a mental health evaluation, and on March 1, 2011, to drug treatment counseling at

Clean Investments.  He participated in both counseling programs as directed.

On June 15, 2011, the Defendant was arrested and charged with delivery of a controlled

substance in a drug free zone.  On September 28, 2011, the Defendant appeared in the 147th District

Court in Travis County, and pled guilty to Delivery of a Controlled Substance. He was sentenced to two (2) years in the Texas Department of Criminal Justice. Based on this conviction, on October 31, 2011, the Probation Office submitted its petition alleging that the Defendant violated his conditions by committing a new offense. On November 2, 2011, the undersigned authorized the issuance of a warrant. The Defendant was arrested on that warrant on May 3, 2012, when the Defendant was released from TDCJ-ID onto parole.

On May 9, 2012, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the petition.

## II. FINDINGS OF THE COURT

1.      The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2.      The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3.      The Defendant received a copy of the Petition naming him, and he read it.

4.      The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5.      The Defendant waived his preliminary hearing.

6.      The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7.      The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8.      The Government gave a summary of the evidence against the Defendant, to which the Defendant did not object.

9.      The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10.     The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11.     The Defendant violated conditions of his supervised release by committing a new state law offense.

## III.     RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED.  The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade A, and the Defendant's criminal history category is III, resulting in an (advisory) guideline range of 18 to 24 months of imprisonment.  The Court has also taken into account the fact that the Defendant has completed 11 months of imprisonment on the state offense, and that the underlying offense involved a very small amount of narcotics.  Having considered all of the above, the undersigned RECOMMENDS that the Defendant be sentenced to 13 months of imprisonment, with no supervised release to follow.  That term must run consecutive to the sentence the Defendant received on the underlying state offense (for which the Defendant is presently on parole).  IT IS FURTHER RECOMMENDED that the District Court recommend that

the B.O.P. designate F.C.I. Three Rivers as the facility in which the Defendant is to serve his sentence.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 10th day of May, 2012.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE